IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CT-3027-H

CHARLES R. MORGAN, III,                )
                                       )
        Plaintiff,                     )
                                       )
                                       )
    v.                                 )
                                       )        **ORDER**
                                       )
WAKE COUNTY DETENTION CENTER           )
OFFICERS[1],                           )
                                       )
        Defendant.                     )

This matter is before the court on the following motions:

(1)    Plaintiff's Request under the Freedom of Information
       Privacy Act [DE #7];

(2)    Plaintiff's motions for appointment of counsel [DE
       ##12, 15, 22, 32];

(3)    Defendant's motion for summary judgment [DE #27], to
       which plaintiff has responded;

(4)    Plaintiff's motion to amend [DE #31];

(5)    Plaintiff's motion for in-camera inspection [DE #33];

(6)    Plaintiff's motion for extension of time [DE #34]; and

(7)    Plaintiff's motion for mediation [DE #35].

These matters are ripe for adjudication.

---

[1] This court's order of March 31, 2014 [DE #8] inadvertently
captioned the defendant as Wake County Detention Center and not
Officers of the Wake County Detention Center. However, the
summons was issued to Wake County Detention Center Officers.

## Motions for Appointment of Counsel

Plaintiff has filed four motions to appoint counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenaut v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenaut, 739 F.2d at 163. As this case does not present exceptional circumstances, the motions to appoint counsel [DE #12, 15, 22, 32] are DENIED.

## Motion to Amend and Proper Parties

In his response to the motion for summary judgment, plaintiff acknowledges defendant's argument that Wake County Detention Center is not an entity capable of being sued or upon which process can legally be served. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir. 1981).

2

In North Carolina, absent a statute, "the capacity to be sued exists only in persons in being." McPherson v. First Citizens National Bank, 81 S.E.2d 386, 397 (N.C. 1954). By statute, the city or county is the legal entity which can sue and be sued. See N.C. Gen. Stat. § 153A-11; N.C. Gen. Stat. § 160A-11; Hughes v. Bedsole, 913 F. Supp. 420, 426 (E.D.N.C. 1994) (granting summary judgment for Cumberland County Sheriff's Department because plaintiff presented no authority to show department was legal entity); Graham v. Golden Corral, No. 5:04-CV-541-H (E.D.N.C. Jan. 7. 2005) (dismissing Fayetteville Police Department because it is not a legal entity which can sue or be sued); Coleman v. Cooper, 366 S.E.2d 2, 5 (N.C. App. 1988) (holding that no statute authorizes suits against police departments).

In his motion to amend, plaintiff states that when he named defendant Wake County Detention Center Officers, he meant Wake County and the officers who work at the detention center. He notes he does not have the means to identify the individuals involved. All of the allegations in plaintiff's complaint are claims against the employees or officers in their official capacities, and thus are duplicative of any claims pled against

3

the County. The summons issued in this matter was issued to Wake County Detention Center Officers, and defendants' motion for summary judgment moves for dismissal on behalf of those unnamed officers. Therefore, plaintiff's motion to amend is DENIED AS FUTILE.

## BACKGROUND

In his pro se complaint, Plaintiff alleges that on or about September 28, 2013, while he was incarcerated at Wake County Detention Center in Raleigh, North Carolina, defendant subjected him to cruel and unusual punishment and to punishment without due process of law. Specifically, plaintiff alleges that defendant failed to ensure plaintiff would have his seizure medication and medical records travel with him during a transfer to a different facility. As a result, plaintiff alleges he was unable to obtain medication for four days and suffered from a harmful seizure.

Attached to defendant's motion for summary judgment is the Affidavit of Dr. Obi Umesi, a licensed physician employed as the Medical Director of the Wake County Jail. His affidavit shows

4

he was the medical director at all times relevant to the complaint. He states that in accordance with the Wake County Medical Plan, Continuity of Care Policy, "prescribed medications supplied by the Wake County Jail are never sent out with an inmate who is being transferred to the North Carolina Department of Correction since the Department of Corrections provides their own medical assessments, have their own medical facilities and their own pharmacy services." Aff. ¶2 [DE #27-1]. He further states that in every transfer from Wake County Detention Center to another facility, and in this case in particular, medical information regarding the inmate is sent with the transferring officer. Additionally, in the instant matter, a fax copy was also sent after a request was made by the facility to which plaintiff was transferred. Also, in documents attached to plaintiff's complaint, plaintiff states that he was given his seizure medicine the morning he was transferred by the nurse at the Wake County Detention Center.

In his response, plaintiff does not deny the facts as stated by Dr. Umesi in his affidavit, but rather, plaintiff appears to argue that the policy of not sending medication with

5

the prisoner in itself is a violation of law and was the proximate cause of his seizure four days later.

## COURT'S DISCUSSION

### I.   Standard of Review

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all

6

reasonable inferences in the non-movant's favor.   Matsushita
Elec. Indus. Co., 475 U.S. at 587.

## II. **Analysis**

To make out a valid Eighth Amendment claim for failure to
provide adequate medical care, a plaintiff must demonstrate that
the defendant acted with deliberate indifference to a prisoner's
serious medical needs.   Estelle v. Gamble, 429 U.S. 97, 104
(1976). Deliberate indifference to an inmate's serious medical
needs constitutes unnecessary and wanton infliction of pain
proscribed by the Eighth Amendment.   Id. at 105-06.   The
indifference must be objectively harmful enough to establish a
constitutional violation.   See Farmer v. Brennan, 511 U.S. 825,
837-40 (1994); Hudson v. McMillian, 503 U.S. 1, 7-9 (1992).   To
demonstrate deliberate indifference, plaintiff must show that
the medical treatment was "so grossly incompetent, inadequate,
or excessive as to shock the conscience or to be intolerable to
fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th
Cir. 1990). A delay in medical care, with no resulting injury,
does not violate the Eighth Amendment.   See Strickler v. Waters,
989 F.2d 1375, 1380-81 (4th Cir. 1993).    In addition, mere

7

negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-06.

Here, the facts show that defendant followed the policies in place at the time and there is no evidence that defendants were deliberately indifferent to the plaintiff's serious medical needs. Plaintiff has pointed to no case law demonstrating these policies violate the Constitutional mandate to provide adequate medical care for prisoners. There appears to be no proximate causal connection between the policy in place at the Wake County Detention Center and the seizure plaintiff suffered days after being placed in the custody of the Department of Corrections. Therefore, defendant's motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to appoint counsel [DE #12, 15, 22, 32] are DENIED; plaintiff's motion to amend is DENIED AS FUTILE [DE #31]; defendant's motion

8

for summary judgment [DE #27] is GRANTED. All other pending motions [DE #7, #33, #34, and #35] are deemed moot. The clerk is directed to close this case.

This ___ day of February 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

9